UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MIDLAND CREDIT MANAGEMENT,
INC., TELEPHONE CONSUMER PROTECTION
ACT LITIGATION  MDL No. 2286

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO –11)**

On October 11, 2011, the Panel transferred 2 civil action(s) to the United States District Court for the Southern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. *See* 818 F.Supp.2d 1377 (J.P.M.L. 2011). Since that time, 12 additional action(s) have been transferred to the Southern District of California. With the consent of that court, all such actions have been assigned to the Honorable Michael M. Anello.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of California and assigned to Judge Anello.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. §1407 to the Southern District of California for the reasons stated in the order of October 11, 2011, and, with the consent of that court, assigned to the Honorable Michael M. Anello.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of California. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

| | | | |
|---|---|---|---|
| **IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION** | | | **MDL No. 2286** |

## SCHEDULE CTO−11 – TAG−ALONG ACTIONS

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|---|---|---|---|
| FLORIDA SOUTHERN | | | |
| FLS | 1 | 13−23379 | Siddall v. Midland Credit Management, Inc. |